IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

DANIEL TEKLE,

     Petitioner,

v.                                     Civil Action No. 3:18CV694

HAROLD W. CLARK,

     Respondent.

## MEMORANDUM OPINION

Daniel Tekle, a Virginia prisoner proceeding pro se, brings this petition for a writ of habeas corpus under 28 U.S.C. § 2254 ("§ 2254 Petition," ECF No. 14). Respondent filed a SECOND RULE 5 ANSWER AND MOTION TO DISMISS ("Second Motion to Dismiss," ECF No. 19)[1] and provided appropriate Roseboro[2] notice. Tekle has responded. (ECF No. 22.) The matter is ripe for disposition.

## I. PROCEDURAL HISTORY

A grand jury sitting in the Circuit Court for Loudoun County, Virginia ("Circuit Court") returned an indictment charging Tekle with one count of electronic solicitation of a minor less than fifteen years of age being at least seven years older, in violation

---

[1] The Court denied without prejudice the first Motion to Dismiss because Respondent failed to receive the entire § 2254 Petition due to a clerical error. (ECF No. 15.)

[2] Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975).

of section 18.2-374.3 of the Virginia Code.[3]   Indictment at 1,

Commonwealth v. Tekle, No. CR00030272-00 (Va. Cir. Ct. Feb. 13,

2017).   On March 27, 2017, Tekle pled guilty to that count pursuant

to a written Plea Agreement.   Plea Agreement at 1-7, Tekle,

No. CR00030272-00 (Va. Cir. Ct. entered Mar. 27, 2017).   The

Circuit Court sentenced Tekle to a total of eight years of

---

[3] That statute provides, in relevant part:

> C.   It is unlawful for any person 18 years of age or older to use a communication system . . . for the purposes of soliciting, with lascivious intent, any person he knows or has reason to believe is a child younger than 15 years of age to knowingly and intentionally:
>
>    . . . .
>
> 2.   Propose that any such child feel or fondle his own sexual or genital parts or the sexual or genital parts of such person or propose that such person feel or fondle the sexual or genital parts of any such child;
> 3.   Propose to such child the performance of sexual intercourse, anal intercourse, cunnilingus, fellatio, or anilingus or any act constituting an offense under § 18.2-361 . . .
>
>    . . . .
>
> Any person who violates this subsection is guilty of a Class 5 felony.   However, if the person is at least seven years older than the child he knows or has reason to believe is less than 15 years of age, the person shall be punished by a term of not less than five years nor more than 30 years in a state correctional facility, five years of which shall be mandatory minimum term of imprisonment.   Any person who commits a second or subsequent violation . . . shall be punished by a term of imprisonment of not less than 10 years not more than 40 years, 10 years of which shall be a mandatory term of imprisonment.

Va. Code Ann. § 18.2-374.3(C) (West 2020).

incarceration, with all but five years suspended, resulting in
Tekle receiving the mandatory minimum sentence. _Tekle_,
No. CR00030272-00, at 2 (Va. Cir. Ct. July 5, 2017). Tekle filed
no appeal.

On February 26, 2018, Tekle filed a petition for a writ of
habeas corpus in the Supreme Court of Virginia raising the majority
of the claims he raises in the instant § 2254 Petition. _See_
Petition for Writ of Habeas Corpus at 1, _Tekle v. Clarke_,
No. 180265 (Va. filed Aug. 8, 2018.) The Supreme Court of Virginia
dismissed the petition. _Tekle v. Clarke_, No. 180265, at 4 (Va.
filed Aug. 8, 2018.)

## II.   GROUNDS FOR RELIEF

As Respondent aptly notes, Tekle's § 2254 Petition is hardly
a model of clarity. Tekle only listed one ground in his § 2254
Petition, and states: "See attached." (§ 2254 Pet. 5.)[4] The
attachment, entitled, "Motion to Habeas Corpus To Dismiss
Unconstitutional Detention and Ineffective Assistance of
Counseling," is a rambling, repetitive brief lacking any
specifically numbered claims for relief. (ECF No. 14-1, at 1-8;
ECF No. 14-2, at 1-61.) Respondent generously construed Tekle to

---

[4] The Court employs the pagination assigned to the parties'
submissions by the CM/ECF docketing system. The Court corrects
the spelling, spacing, capitalization, and punctuation in the
quotations from Tekle's submissions.

Case 3:18-cv-00694-REP-RCY   Document 23   Filed 05/01/20   Page 4 of 28 PageID# 255

raise twelve claims for relief. The Court utilizes Respondent's statement of the claims for the sake of orderly disposition of the action:

(1)   Tekle's constitutional rights were violated when the investigating detective pretended to be a fourteen-year-old during the detective's interactions with Tekle. (<u>Passim</u>).

(2)   The Supreme Court erred when it denied his petition for a writ of habeas corpus, "because [it] failed or refused to follow its own well held precedent and law violating petitioner's constitutional right to effective counsel and a fair and just trial-due process of law." (ECF No. 14 at 5).

(3)   Trial counsel was ineffective for failing to argue that "the charges" against Tekle were unconstitutional because they violated the Equal Protection Clause of the Constitution and other Constitutional protections. (ECF No. 14-1 at 1-2).

(4)   Trial counsel was ineffective for advising Tekle to plead guilty despite the violation of his constitutional rights. (ECF No. 14-1 at 1-2, 5, 6-8).

(5)   Trial counsel was ineffective for failing to correct the proffer of facts offered by the prosecutor. (ECF No. 14-1 at 2, 5).

(6)   Trial counsel provided Tekle with confusing advice regarding the sentencing range and the sentencing guidelines. (ECF No. 14-1 at 3).

(7)   Trial counsel advised Tekle to waive a preliminary hearing because if he did not, the Commonwealth would bring additional charges. (ECF No. 14-1 at 3).

(8)   Trial counsel provided Tekle with insufficient information regarding the plea offer. (ECF No. 14-1, at 3-4).

4

(9)  Trial counsel "threatened" that the Commonwealth
     would bring additional charges if Tekle did not
     plead guilty.  (ECF No 14-1 at 3-4).

(10) Trial counsel was ineffective for failing to
     consult with Tekle prior to continuing Tekle's
     trial date.  (ECF No. 14-1 at 4).

(11) Trial counsel informed Tekle he would receive a
     sentence of [30-45] years if Tekle did not plead
     guilty.  (ECF No. 14-1 at 4).

(12) Trial counsel failed to remove from the plea
     agreement a statement regarding Tekle's immigration
     status.  (ECF No. 14-1 at 5).

(Br. Supp. Sec. Mot. Dismiss 3-4, ECF No. 21 (first alteration in

original).)   As discussed below, Tekle's Claim (2) is not

cognizable in federal habeas proceedings because it raises only an

error of the state habeas court, and his remaining claims lack

merit.[5]


### III. CLAIM NOT COGNIZABLE IN FEDERAL HABEAS

In Claim (2), Tekle contends that the Supreme Court erred

when it denied his petition for a writ of habeas corpus, "because

[it] failed or refused to follow its own well held precedent and

law violating petitioner's constitutional right to effective

counsel and a fair and just trial- due process of law."   (ECF

---

[5] Respondent argues that Claim (3) and (6) are procedurally
defaulted and barred from review here because Tekle failed to
fairly present these claims to the Supreme Court of Virginia.  (Br.
Supp. Mot. Dismiss 14-15.)  While this is true, Tekle's claims are
so vague, conclusory, and ultimately lacking in merit, that in the
interests of judicial economy and efficiency, the Court simply
addresses each on its merits.

No. 14, at 5.)  As explained below, this claim is not cognizable in federal habeas review.

To obtain federal habeas relief, at a minimum, a petitioner must demonstrate that he is "in custody in violation of the Constitution or laws and treaties of the United States." 28 U.S.C. § 2254(a).  Thus, "claims of error occurring in a state post-conviction proceeding cannot serve as a basis for federal habeas corpus relief," Bryant v. Maryland, 848 F.2d 492, 493 (4th Cir. 1988) (citations omitted), because the habeas petitioner's detention results from the underlying state conviction, not from the state post-conviction collateral proceeding. Lawrence v. Branker, 517 F.3d 700, 717 (4th Cir. 2008) ("[E]ven where there is some error in state post-conviction proceedings, a petitioner is not entitled to federal habeas relief because the assignment of error relating to those post-conviction proceedings represents an attack on a proceeding collateral to detention and not to the detention itself." (citing Bryant, 848 F.2d at 493; Bel-Bey v. Roper, 499 F.3d 752, 756 (8th Cir. 2007); United States v. Dago, 441 F.3d 1238, 1248 (10th Cir. 2006))). Claim (2) raises alleged errors by the Supreme Court of Virginia in Tekle's post-conviction proceedings, and, such a claim is not cognizable in federal habeas review.  Accordingly, Claim (2) will be dismissed.

## IV.   APPLICABLE CONSTRAINTS UPON FEDERAL HABEAS REVIEW

In order to obtain federal habeas relief, at a minimum, a petitioner must demonstrate that he is "in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).  The Antiterrorism and Effective Death Penalty Act ("AEDPA") of 1996 further circumscribed this Court's authority to grant relief by way of a writ of habeas corpus.  Specifically, "[s]tate court factual determinations are presumed to be correct and may be rebutted only by clear and convincing evidence."  Gray v. Branker, 529 F.3d 220, 228 (4th Cir. 2008) (citing 28 U.S.C. § 2254(e)(1)).  Additionally, under 28 U.S.C. § 2254(d), a federal court may not grant a writ of habeas corpus based on any claim that was adjudicated on the merits in state court unless the adjudicated claim:

> **(1)** resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> **(2)** resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1)-(2).  The Supreme Court has emphasized that the question "is not whether a federal court believes the state court's determination was incorrect but whether that determination was unreasonable—a substantially higher threshold."  Schriro v.

Landrigan, 550 U.S. 465, 473 (2007) (citing Williams v. Taylor,
529 U.S. 362, 410 (2000)).[6]

### V.  GUILTY PLEA PROCEEDINGS AND FACTUAL BASIS FOR PLEA

Because Tekle's claims of ineffective assistance of counsel
stem from deficiencies occurring before and during the plea
proceedings, it is necessary to recite the facts from those
proceedings.  As reflected below, contrary to his current
protestations, the evidence of Tekle's guilt was compelling, and
Tekle entered his plea knowingly and voluntarily.

### A.  Guilty Plea

Tekle agreed to plead guilty to one count of electronic
solicitation of a minor less than fifteen years old, being at least
seven years older, pursuant to Va. Code Ann. § 18.2-373.3(C).  Plea
of Guilty to a Felony, Tekle, CR00030272-00 (Va. Cir. Ct. Mar. 27,
2017) ("Plea Agreement").  In his Plea Agreement, Tekle agreed
that he understood that the mandatory minimum sentence was 5 years
of incarceration, but that he could receive a sentence of up to 30
years.  Plea Agreement 2.  In "anticipation of and in exchange for
[his] plea of guilty," Tekle agreed that he "underst[ood] that the
Commonwealth agree[d] not to prosecute [him] further in Loudoun
County regarding the known events described in the Leesburg Police

---

[6] In light of the foregoing statutory structure, the findings
of the Virginia courts figure prominently in this Court's opinion.

Department Report Number 2016-00036503." <u>Id.</u> at 3. In the accompanying Proffer of Facts, Tekle agreed that "if the Commonwealth were to proceed with a trial in this matter, the evidence presented by the Commonwealth would consist of the following:"

> On 28 October 2016, Detective Dan Troxell of the Leesburg Police Department posted an advertisement on Craigslist stating, "I'm inexperience and curious very young white female, open to all races and ages looking for someone to spoil me and 420 friendly but not required". On that same date, the Defendant, Daniel Tekle, responded to the ad requesting "at least weekly action, dinner and drink too?" Det. Troxell stated to him, "I'm almost 15," and the Defendant continued soliciting him, stating that "you need to be very discreet about it" and telling her that "[a]s long as you keep secret sure will meet with you and explore our wildest side of meeting". He also sent a photograph of his unclothed chest and stomach.
> The Defendant continued to solicit sexual favors from Det. Troxell, believing him to be a fourteen-year-old girl. He stated "you are so young and im your daddy figure". When asked "what do you have in mind?", the Defendant responded, "we kiss, cuddle lick sweet pussy and play love you moaning". He also warned her, "Yeah for 1st time penetration will be a little pain and then you will be okay." This continued for several days.
> On 1 November [2016[7]], the Defendant arranged to meet this young female at 75 Plaza Street, Building J in the Town of Leesburg. He arrived at the appointed meeting time, and was confronted at that time by Det. Troxell. He immediately stated, "Sorry sorry, this is a setup, I'm sorry." He was read his rights under <u>Miranda v. Arizona</u> and agreed to speak. He was also searched and found in possession of three condoms. He admitted to being the person who sent messages to Det. Troxell, and though he stated that she had pushed him

---

[7] The Proffer of Facts stated that Tekle was arrested on November 1, 2017; however, this is clearly a typographical error, as the Indictment states November 1, 2016.

> into meeting, admitted that he had come there intending
> "sexual stuff."

Commonwealth's Proffer of Facts at 1-2, Commonwealth v. Tekle,

No. CR00030272-00 (Va. Cir. Ct. Mar. 27, 2017) ("Proffer of

Facts").

During the guilty plea hearing, the Circuit Court asked Tekle

if he understood the charge against him, and Tekle agreed that he

did. (Mar. 27, 2017 Tr. 8-9.) Tekle agreed that he had discussed

the charge and the elements of the offense with his attorney and

that he understood what the Commonwealth would be required to prove

to find him guilty. (Mar. 27, 2017 Tr. 9.) Tekle also indicated

that he had discussed any defenses he may have had with his

attorney prior to entering into his guilty plea. (Mar. 27, 2017

Tr. 9.) Tekle agreed that he had enough time to speak with his

attorney, was satisfied with his attorney's services, discussed

whether he should plead guilty with his attorney, and agreed that,

after discussing the matter with his attorney, made his own

decision to plead guilty. (Mar. 27, 2017 Tr. 10.) Tekle also

answered in the affirmative when asked whether he was "pleading

guilty to the charge, sir, because [he was], in fact, guilty as

charged." (Mar. 27, 2017 Tr. 10.)

The Circuit Court explained that by pleading guilty Tekle was

giving up the right to a jury trial, his right to confront and

cross-examine witnesses, and his right to present evidence at a

trial. (Mar. 27, 2017 Tr. 11-12.) Tekle agreed that he understood his surrender of those rights. (Mar. 27, 2017 Tr. 11-12.) Tekle agreed that neither "the Commonwealth's attorney," nor his "attorney [had] threatened or forced [him] in any way to enter a plea of guilty today." (Mar. 27, 2017 Tr. 12.) Tekle answered affirmatively when asked whether he was "pleading guilty freely and voluntarily" and agreed that no one had "made any promises to [him] or any promises other than what [was] contained in the Plea of Guilty to Felony" agreement. (Mar. 27, 2017 Tr. 13.)

With regard to potential sentences, the Court asked:

> THE COURT: Mr. Tekle, do you understand the range of punishment for the offense to which you have pled guilty?
>
> THE DEFENDANT: Yes.
>
> THE COURT: All right. Can you tell me, sir, what the range of punishment is?
>
> THE DEFENDANT: If I read correctly, the range is from 5 years to 30 years.
>
> THE COURT: All right, 5 years to 30 years, 5 years of which is a mandatory minimum. Is that your understanding, sir?
>
> THE DEFENDANT: That is what it is, yes.

(Mar. 27, 2017 Tr. 13-14.) Tekle agreed that counsel had discussed the sentencing guidelines with him and that he understood that the Court was not required to follow them and could sentence him up to the maximum penalty allowed by law. (Mar. 27, 2017 Tr. 14.) Tekle also answered affirmatively when the Court asked again if he

understood that the mandatory minimum sentence was five years. (Mar. 27, 2017 Tr 15.)

Tekle indicated that he had read and understood the Plea of Guilty to a Felony and the Commonwealth's Proffer of Facts and had discussed both with his attorney before he signed each document. (Mar. 27, 2017 Tr. 16-17.)   Tekle agreed that, "all of the statements in the Plea of Guilty to Felony, to the best of [his] knowledge and belief," are "true and accurate."   (Mar. 27, 2017 Tr. 17.)   The Circuit Court once again emphasized that the parties could argue for whatever sentence they believed appropriate, but that the Circuit Court was not required to follow any sentencing recommendation.   (Mar. 27, 2017 Tr. 17.)   Tekle agreed that he understood that if the Circuit Court did not follow the sentencing recommendation of any party that Tekle did "not have a right to withdraw his plea of guilty[.]"   (Mar. 27, 2017 Tr. 18.)

Tekle agreed that he understood all of the questions asked of him and had been truthful in his answers.   (Mar. 27, 2017 Tr. 19.) The Circuit Court found that Tekle's "plea of guilty has been made freely, intelligently, and voluntarily, and that [he] under[stood] the nature of the charges against [him] and the consequence of [his] plea."   (Mar. 27, 2017 Tr. 19.)   The Circuit Court then accepted Tekle's plea and found him guilty of electronic solicitation of a minor less than fifteen years of age, being at least seven years older than the minor.   (Mar. 27, 2017 Tr. 19.)

12

### B.   Claim (1) Is Barred By Validly Entered Plea

In Claim (1), Tekle argues that his constitutional rights were violated when the investigating detective pretended to be a fourteen-year-old during the detective's interactions with Tekle. From what the Court can discern, Tekle, in essence, challenges the sufficiency of the evidence to convict him in Claim (1).[8]   In rejecting this claim, the Supreme Court of Virginia found the claim "barred because a voluntary and intelligent guilty plea waives all non-jurisdictional defenses antecedent to a guilty plea.   Peyton v. King, 210 Va. 194, 196-97, 169 S.E.2d 569, 571 (1969)."   Tekle v. Clarke, No. 180265, at 4 (Va. Aug. 8, 2018).   The Court discerns no unreasonable application of the law or an unreasonable determination of the facts in the Supreme Court of Virginia's rejection of this claim.   See 28 U.S.C. § 2254(d)(1)-(2).

"A guilty plea constitutes a waiver of all nonjurisdictional defects, including the right to contest the factual merits of the charges.'"   United States v. Martinez, 424 F. App'x 208, 209 (4th Cir. 2011) (quoting United States v. Willis, 992 F.2d 489, 490 (4th Cir. 1993)); accord Peyton, 169 S.E.2d at 571.   Here, the Circuit Court thoroughly questioned Tekle to ensure that Tekle's plea was freely, knowingly, and voluntarily made.   See supra Part

---

[8]   To the extent that Tekle believes that the detective's conduct was unconstitutional entrapment, the Court discusses that contention in its discussion of Claims (3) and (4), infra, Part IV.C.

IV.A.   Accordingly, Tekle's claim challenging the sufficiency of the evidence is waived by his validly entered plea.   See Price, 218 F. App'x at 275; Martinez, 424 F. App'x at 209.   Accordingly, Claim (1) will be dismissed.

## VI.   INEFFECTIVE ASSISTANCE OF COUNSEL

### A.   Applicable Law

To demonstrate ineffective assistance of counsel, a convicted defendant must show, first, that counsel's representation was deficient and, second, that the deficient performance prejudiced the defense.   Strickland v. Washington, 466 U.S. 668, 687 (1984). To satisfy the deficient performance prong of Strickland, the convicted defendant must overcome the "'strong presumption' that counsel's strategy and tactics fall 'within the wide range of reasonable professional assistance.'"   Burch v. Corcoran, 273 F.3d 577, 588 (4th Cir. 2001) (quoting Strickland, 466 U.S. at 689). The prejudice component requires a convicted defendant to "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.   A reasonable probability is a probability sufficient to undermine confidence in the outcome."   Strickland, 466 U.S. at 694.   In analyzing ineffective assistance of counsel claims, it is not necessary to determine whether counsel performed deficiently if the claim is readily dismissed for lack of prejudice.   Id. at 697.

In the context of a guilty plea, the Supreme Court modified the second prong of Strickland to require a showing that "there is a reasonable probability that, but for counsel's errors, [petitioner] would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985). Any assertion by Tekle that he would not have pled guilty if he had received better assistance from counsel is not dispositive of the issue. See United States v. Mora-Gomez, 875 F. Supp. 1208, 1214 (E.D. Va. 1995). Rather, "[t]his is an objective inquiry and [highly] dependent on the likely outcome of a trial had the defendant not pleaded guilty." Meyer v. Branker, 506 F.3d 358, 369 (4th Cir. 2007) (internal citation omitted) (citing Hill, 474 U.S. at 59-60). The Court looks to all the facts and circumstances surrounding a petitioner's plea, including the likelihood of conviction and any potential sentencing benefit to pleading guilty. See id. at 369-70. In conducting the foregoing inquiry, the representations of the defendant, his lawyer, and the prosecutor during the plea proceedings, "as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings." Blackledge v. Allison, 431 U.S. 63, 73-74 (1977). Thus, "[a]bsent clear and convincing evidence to the contrary, a defendant is bound by the representations he makes under oath during a plea colloquy."

Fields v. Att'y Gen. of Md., 956 F.2d 1290, 1299 (4th Cir. 1992) (citations omitted).

**B.  Supreme Court Of Virginia's Rejection Of Tekle's Claims**

Tekle did not raise Claims (3) and (6) in the Supreme Court of Virginia. With respect to Claims (4), (5), (7), (8), and (10), the Supreme Court of Virginia rejected these claims for the same reason: "[B]ecause petitioner failed to offer a valid reason why he should not be bound by his representation at trial that his counsel's performance was adequate" and cited Anderson v. Warden, 222 Va. 511, 516 (1981) for that proposition. Tekle v. Clarke, No. 180265, at 1-4 (Va. Aug. 8, 2018). As discussed below, the Court discerns no unreasonable application of the law or an unreasonable determination of the facts in the Supreme Court of Virginia's rejection of those claims. See 28 U.S.C. § 2254(d)(1)-(2). For Claims (9), (11), and (12), the Supreme Court of Virginia provided different rationales for their rejection of each claim which will be discussed in conjunction with the specific claim.

**C.  Pre-Trial Claims of Ineffective Assistance**

In Claim (3), Tekle faults counsel for failing to argue that "the charges" against him were unconstitutional because they violated the Equal Protection Clause of the constitution. (ECF No. 14-1, at 2, 4.) Similarly, in Claim (4), Tekle argues that counsel was ineffective for advising him to plead guilty despite the violation of his constitutional rights. (Id. at 2, 5, 6-8.)

Tekle argues that, "[t]he law says regardless of the crime, any state's apparatus is prohibited to solicit a crime by Constitution of the United States." (Id.) Tekle fails to explain, and the Court fails to discern, how the charge against him violated the Equal Protection Clause[9] or any other constitutional right. Thus, counsel cannot be faulted for failing to advance this undeveloped argument. Tekle's vague, conclusory claims fails to state a claim for habeas relief. See Sanders v. United States, 373 U.S. 1, 19 (1963) (finding denial of habeas action appropriate where it "stated only bald legal conclusions with no supporting factual allegations"). For this reason alone, Claims (3) and (4) may be dismissed.

To the extent that Tekle faults counsel for failing to raise the defense of entrapment pre-trial, counsel cannot be faulted for failing to raise this meritless defense. Entrapment is an affirmative defense that consists of "two related elements: government inducement of the crime, and a lack of predisposition on the part of the defendant to engage in the criminal conduct."

---

[9] The Equal Protection Clause provides: "No State shall . . . deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1. To state an equal protection claim, Tekle would be required to show that (1) "that he has been treated differently from others with whom he is similarly situated"; and, (2) that the differing treatment resulted from intentional discrimination. Morrison v. Garraghty, 239 F.3d 648, 654 (4th Cir. 2001). Tekle fails to make this showing.

Mathews v. United States, 485 U.S. 58, 63 (1988) (citations omitted). Inducement "involves elements of governmental overreaching and conduct sufficiently excessive to implant a criminal design in the mind of an otherwise innocent party. Solicitation, by contrast, is the provision of an opportunity to commit a criminal act." United States v. Daniel, 3 F.3d 775, 778 (4th Cir. 1993) (internal citation omitted) (citing Jacobson v. United States, 503 U.S. 540, 548 (1992)). "It is settled law that the government may provide the opportunities or facilities for the commission of an offense by one otherwise predisposed to criminal activity." United States v. Osborne, 935 F.2d 32, 37 (4th Cir. 1991) (citations omitted).

According to the Proffer of Facts signed by Tekle, Detective Troxell placed an advertisement on Craiglist that Tekle sought out and then responded to voluntarily. Subsequently, Tekle engaged in the ensuing conversations with Detective Troxell over the course of several days and continued to do so after learning that the person he was communicating with was under the age of fifteen. Clearly Tekle was predisposed to commit the crime of electronic solicitation of a minor. See Osborne, 935 F.2d at 38 ("[p]redisposition is found from the defendant's ready response to the inducement offered"). Thus, counsel reasonable eschewed advancing an entrapment defense to the crime of electronic

solicitation of a minor. Claims (3) and (4) lacks merit and will be dismissed.

In Claim (7), Tekle argues that counsel rendered ineffective assistance when he advised Tekle to waive a preliminary hearing because if he did not, the Commonwealth would bring additional charges. (ECF No. 14-1, at 3.) Counsel avers that he indeed, "advised Mr. Tekle to waive his Preliminary Hearing after the Assistant Commonwealth's Attorney stated he would indict [Tekle] on multiple charges if he did not waive" his right to that hearing. (ECF No. 21-1, at 1.) Tekle fails to demonstrate that counsel's advice to waive the preliminary hearing was unreasonable in light of the Commonwealth's ability and intent to bring additional charges. Tekle communicated with Detective Troxell over the course of several days and suggested that he and the minor female engage in a variety of sexual activity. Moreover, Tekle fails to demonstrate any prejudice from counsel's advice. Rather, counsel's advice ensured that his client would face only one charge as opposed to "additional multiple counts for the same offense." (See id. at 1.) Tekle fails to demonstrate any deficiency or resulting prejudice and Claim (7) will be dismissed.

In Claim (10), Tekle contends that trial counsel was ineffective for failing to consult with Tekle prior to continuing his trial date. (ECF No. 14-1, at 3-4.) Tekle states, in sum: "Petitioner contends he was denied the effective assistance of

counsel because counsel failed to consult with petitioner before obtaining a continuation of petitioner's trial date.  And the court rejected because petitioner failed a valid reason [sic].  Yes, without my knowledge, my counsel, the Commonwealth prosecutor, and the Judge held [a] hearing on 27th Feb. 2017 . . . ."  (Id. at 3-4.)[10]  Tekle fails to identify with any specificity why counsel was deficient or that he experienced any prejudice from counsel's alleged failure to consult with him about a continuance.  Claim (10) is conclusory and will be dismissed.

_____

[10] In Tekle's Response to the Second Motion to Dismiss, he directs the Court to the Order dated March 30, 2017 (see ECF No. 22, at 16), that indicates that on February 27, 2017, the parties notified the Circuit Court that Tekle would be entering into a guilty plea.  See Commonwealth v. Tekle, No. CR00030272-00, at 2 (Va. Cir. Ct. Mar. 30, 2017).  The February 27, 2017 order to which Tekle refers is a Criminal Scheduling Order that scheduled the guilty plea hearing for March 27, 2017.  See Commonwealth v. Tekle, No. CR00030272-00, at 1 (Va. Cir. Ct. Feb. 27, 2017).  To the extent that Tekle now attempts to argue that his attorney, the prosecutor, and the judge made "a back door deal" on 27th February, 2017, and that once they decided that Tekle would plead guilty, he was pressured by his own counsel into pleading guilty (ECF No. 22, at 16), such a claim is not properly before the Court.  Tekle cannot add new claims by a passing reference in his Response to the Second Motion to Dismiss.  See Snyder v. United States, 263 F. App'x 778, 779-80 (11th Cir. 2008) (refusing to consider petitioner's statement in a reply brief as an attempt to amend his § 2255 motion to add a new claim); E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc., 847 F. Supp. 2d 843, 851 n.9 (E.D. Va. 2012); Equity in Athletics, Inc. v. Dep't of Educ., 504 F. Supp. 2d 88, 111 (W.D. Va. 2007) (citations omitted) (explaining that "new legal theories must be added by way of amended pleadings, not by arguments asserted in legal briefs").  Therefore, to the extent that Tekle seeks to add any new claims in his Response, the new claims will receive no further consideration in this action.  Moreover, any claim that he was coerced into pleading guilty is refuted by his statements under oath at the plea hearing.

### D.   Guilty Plea-Related Claims

In a related serious of claims, Tekle faults counsel for various purported deficiencies surrounding his guilty plea. Tekle's claims are once again quite terse and conclusory, and because of the lack of supporting facts, the Court has difficulty determining exactly what Tekle intends to argue. Nevertheless, as discussed below, the majority of Tekle's allegations about counsel's performance are foreclosed by Tekle's validly entered plea agreement. Tekle also fails to establish any deficiency of counsel or that, but for any deficiency of counsel, a reasonable defendant would have insisted on pleading not guilty and proceeding to trial. Tekle received the mandatory minimum sentence of 5 years after his guilty plea, but could have received up to 30 years if he chose to proceed to trial.

In Claim (5), Tekle faults counsel for failing to correct the proffer of facts that was offered by the prosecutor. (ECF No. 14-1, at 2, 5.) Specifically, Tekle contends that "in the proffer of the fact sheet, the prosecutor purposefully bended the truth and my counsel failed to correct that simple fact" that he "never ever arranged a meeting place and never went to the specific housing unit the detective provided. I refused to go and decided to leave the public domain, however, he and his peers caught me up [sic] in my vehicle." (Id. at 2.) The Proffer of Facts only provided that, "the Defendant arranged to meet this young female at 75 Plaza

Street, Building J in the Town of Leesburg. He arrived at the appointed meeting time, and was confronted at that time by Det. Troxell." Proffer of Facts at 2. Thus, the Proffer of Facts does not suggest that Tekle himself selected the meeting place, just that he agreed to meet Detective Troxell at the arranged place and time. Nor does the Proffer of Facts specifically state how Detective Troxell and Tekle eventually came into contact with one another. Counsel cannot be faulted for failing to correct non-existent errors in the Proffer of Facts, or for failing to insist that it contain more detailed information. Moreover, to the extent that Tekle believes that counsel should have demanded that the Proffer of Facts contain more specific information than it did, Tekle cannot demonstrate any deficiency of counsel or resulting prejudice. Tekle agreed under oath that the Proffer of Facts was true and that he was guilty of the facts stated therein. Tekle's current protestations that certain facts were omitted is foreclosed by his validly entered guilty plea. Thus, Tekle fails to demonstrate any deficiency of counsel or resulting prejudice. Claim (5) will be dismissed.

Claims (6) and (11) pertain to counsel's advice regarding the potential sentence Tekle could receive. Tekle did not raise Claim (6) in his state habeas petition. In Claim (6), Tekle contends that counsel provided him with confusing advice regarding the sentencing range and the sentencing guidelines. (ECF No. 14-1, at

22

3.)  Tekle states that, counsel "presented a sentencing guideline of around 1 year 9 months to 4 years and 10 months while as a professional counsel knowing that [the] mandatory minimum [was] five years. He chose to confuse me." (Id. at 3 (internal quotation marks omitted).)  Relatedly, in Claim (11), Tekle argues that trial counsel informed him that he would receive a sentencing of 30-45 years if Tekle did not plead guilty.  (Id. at 4.)  Tekle states that, "a day before a plea acceptance [counsel] advised me to ask apology- which I did.  If I say anything else the Judge will give me 30-45 years."  (Id. at 3.)  Tekle's claims are terse and the supporting facts provided by Tekle are not particularly clear.  In rejecting Claim (11), the Supreme Court of Virginia explained as follows:

> [P]etitioner contends he was denied the effective assistance of counsel because counsel told petitioner he would receive a sentence of thirty to forty-five years if he did not accept the plea offer.
>     The Court rejects this portion of claim (I) because petitioner failed to offer a valid reason why he should not be bound by his representations at trial that his counsel's performance was adequate, that he understood the range of punishment for the offense to which he pled guilty was from five to thirty years' imprisonment, and that his guilty plea was voluntary and there is not evidence identified by petitioner that would support the contrary conclusion that the plea was voluntary.

Tekle, No. 180265, at 2 (citation omitted).  The Court discerns no unreasonable application of the law or an unreasonable determination of the facts in the Supreme Court of Virginia's rejection of this claim.  See 28 U.S.C. § 2254(d)(1)-(2).

With respect Tekle's allegations about counsel's advice about a potential sentence counsel avers as follows:

> I do not believe that I ever told Mr. Tekle that the Judge would give him a sentence of 30-45 years . . . .[11] I know I would not have said anything like that since the statutory range of punishment was 5-30 years and the sentencing guidelines for Mr. Tekle, without the mandatory-5-year minimum, I believed, was somewhere around 1 year 9 months to 4 years and 10 months, Mr. Tekle was made aware of the statutory range and mandatory minimum from the beginning of his case.

(ECF No. 21-1, at 2.)  In his Plea Agreement, Tekle agreed that he understood that he faced a sentence of between 5 and 30 years, and at a minimum, he would receive 5 years of incarceration.   Plea Agreement 2.   During the plea colloquy, the Circuit Court also asked Tekle if he knew what the sentencing range was for his conviction and Tekle himself supplied that he understood the range to be between 5 and 30 years.   (Mar. 27, 2017 Tr. 13-14.)   Tekle also stated that he understood that the mandatory minimum sentence he could receive was 5 years.   (Mar. 27, 2017 Tr. 15.)   Thus, even if counsel had provided Tekle with purportedly confusing information about his sentencing range, any error was cured during

---

[11]  Counsel's affidavit was proffered with the Motion to Dismiss filed in the Supreme Court of Virginia.   The statement quoted here was directed, in part, to a claim not before this Court, that Tekle had created his own edited version of the Proffer of Facts, and that counsel purportedly told Tekle that if he edited the Proffer of Facts and presented it to the Court, that Tekle would receive 30-45 years of incarceration.   (ECF No. 21-1, at 2.) Counsel's sworn statement remains relevant as the advice he provided Tekle with regard to the estimated sentence he could receive.

the plea hearing.   Tekle's statements made under oath that he understood that the mandatory minimum was 5 years and the sentencing range was from 5 years to 30 years foreclose his current arguments.   Accordingly, Tekle demonstrates neither deficiency of counsel nor resulting prejudice and Claims (6) and (11) will be dismissed.

In Claim (8), Tekle suggests that counsel provided him with insufficient information regarding the plea offer.   (ECF No. 14-1, at 3-4.)   Tekle fails to identify what specific details counsel omitted in his presentation of the plea offer to Tekle.   This is entirely fatal to his claim.   See Sanders, 373 U.S. at 19. Moreover, during the plea hearing Tekle indicated that he understood the plea, had sufficient time to discuss it with counsel, and that counsel had answered his questions.   Tekle fails to demonstrate any deficiency of counsel or resulting prejudice, and accordingly, Claim (8) will be dismissed.

In Claim (9), Tekle contends that counsel "threatened" that the Commonwealth would bring additional charges if Tekle did not plead guilty.   (ECF No. 14-1, at 3-4.)   In rejecting this claim, the Supreme Court of Virginia explained:

> [P]etitioner contends he was denied the effective assistance of counsel because counsel did not provide petitioner sufficient information regarding the Commonwealth's plea offer and additional charged the Commonwealth "threatened" to bring if petitioner did not accept the plea offer.

> The Court rejects this portion of claim (I) because petitioner failed to offer a valid reason why he should not be bound by his representations at trial that his counsel's performance was adequate, that no one, including the police, Commonwealth's Attorney, or petitioner's attorney, had threatened or forced petitioner to plead guilty, and that his guilty plea was voluntary and there is no evidence identified by petitioner that would support the contrary conclusion that the plea was involuntary.

Tekle, No. 180265, at 1-2 (citation omitted). The Supreme Court of Virginia's rejection of Tekle's claims was not unreasonable. See 28 U.S.C. § 2254(d)(1)-(2).

Tekle agreed during the plea hearing that it was choice to plead guilty and no one had threatened him or forced him to plead guilty, and his allegations that counsel threatened him into pleading guilty are belied by his statements under oath. Nevertheless, even if the Commonwealth indicated to counsel that it would seek additional charges if Tekle did not plead guilty, such action was constitutionally permissible. See United States v. Williams, 47 F.3d 658, 660-61 (4th Cir. 1995) (explaining that "[a] prosecutor's threats to seek harsher indictment are constitutionally legitimate even though the prosecutor's goal in making those threats is to convince the defendant to waive his right to plead not guilty"). Thus, Tekle fails to demonstrate any deficiency of counsel. Tekle also fails to establish that but for any alleged error of counsel, a reasonable defendant would have insisted on pleading not guilty and proceeded to trial.

26

In Claim (12), Tekle faults counsel for failing to remove from the Plea Agreement a statement regarding Tekle's immigration status. (ECF No. 14-1, at 5.) Tekle states: "The truth is I do have a USA naturalization certificate . . . and a passport . . . . [T]he Plea Agreement I signed also false as I am [a] citizen of [the] United States, the Plea Agreement does not reflect the facts." (Id.) In rejecting this claim, the Supreme Court of Virginia explained:

> [P]etitioner contends he was denied the effective assistance of counsel because counsel failed to remove a statement from the plea agreement concerning petitioner's immigration status.
> The Court rejects this portion of claim (I) because petitioner failed to offer a valid reason why he should not be bound by his representations at trial that he read and understood the plea agreement he signed, that the statements in the plea agreement were true and accurate, and that his counsel's performance was adequate.

Tekle, No. 180265, at 1-2 (citation omitted). The Court discerns no unreasonable application of the law or an unreasonable determination of the facts in the Supreme Court of Virginia's rejection of this claim. See 28 U.S.C. § 2254(d)(1)-(2).

The Plea Agreement contained the following provision regarding the guilty plea on Tekle's immigration status:

> I understand that, in the event I am not a citizen of the United States, my pleading guilty to this charge, as well as any subsequent disposition, conviction, or sentence I may receive, may adversely affect my ability to legally remain in the United States, or bar me from becoming a United States citizen. I further understand that, should I suffer any adverse consequences to my

> ability to remain in the United States legally, such
> will not be a basis for me to withdraw my plea of guilty.

Plea Agreement ¶ 18.  This provision appears to be a standard, generic term found in many plea agreements.  As Tekle is a naturalized citizen of the United States, this provision would have no bearing on him.  Tekle fails to demonstrate, and the Court fails to discern, how the inclusion of this provision in his Plea Agreement had any effect on Tekle.  Therefore, Tekle fails to demonstrate any deficiency of counsel for failing to have the provision removed or any resulting prejudice.  Accordingly, Claim (12) lacks merit and will be dismissed.

### VII. CONCLUSION

Respondent's Second Motion to Dismiss (ECF No. 19) will be granted.  Tekle's claims are dismissed and the petition for a writ of habeas corpus will be denied.  The action will be dismissed.  A certificate of appealability will be denied.

The Clerk is directed to send copy of the Memorandum Opinion to Tekle and counsel of record.

/s/

Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: April 30, 2020

28